UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHADD CHUSTZ, an individual

    Plaintiff,

v.                                                  Case No: 2:18-cv-592-FtM-99CM

CITY OF MARCO ISLAND,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant City of Marco Island's Motion to Dismiss the Amended Complaint (Doc. 15) filed on November 20, 2018. Plaintiff filed a Response in Opposition (Doc. 17) on December 3, 2018. For the reasons set forth below the Motion is denied.

## **BACKGROUND**

This is a First Amendment employment retaliation case. Defendant City of Marco Island ("City") hired Plaintiff Chad Chustz as an environmental specialist in October 2015. (Doc. 11, ¶ 7). While Chustz worked in this position, he completed his duties and received high performance reviews. (*Id.*, ¶ 9-10). Beginning in May 2017, Chustz came across environmental protection violations involving false mangrove and wetland environmental

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

reports. (*Id.*, ¶ 11). Chustz reported these violations to his immediate supervisor. (*Id.*) Because his supervisor failed to take any action, Chustz reported the violations to the Florida Department of Environmental Protection and the U.S. Corps of Army Engineers. (*Id.*, ¶ 12). These outside disclosures were not part of Chustz's ordinary job duties. (*Id.*, ¶ 13).

Almost immediately thereafter, Chustz's supervisor threatened to fire him and gave him a written reprimand because of the outside disclosures. (Doc. 11, ¶ 14). In November 2017, Chustz was given a negative performance review which explicitly mentioned the disclosures to state and federal authorities. (*Id.*, ¶ 15). In January 2018, the City's firing freeze, which had been in place throughout Chustz's reported violations, was lifted and Chustz was the only employee fired under the auspices of a "reorganization." (*Id.*, ¶ 16).

Chustz is currently proceeding on a one-count Amended Complaint, alleging that the City violated his First Amendment rights under 42 U.S.C. §1983 by firing him for reporting the environmental protection violations. (Doc. 11). Chustz alleges that the retaliation and harm is ongoing as the City continues to make false statements in the public domain about the facts and circumstances surrounding his termination suggesting that Chustz was a poor employee who exhibited poor workplace performance, which are false. (*Id.*, ¶ 31).

The City moves to dismiss (Doc. 15), arguing that the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted or, in the alternative, for lack of subject matter jurisdiction because Plaintiff lacks standing to obtain injunctive relief by failing to allege any threat of future injury.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his claims. *See id.* at 678-79.

"Determining whether a complaint states a plausible claim for relief [is]...a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citations omitted). Although legal conclusions can provide the framework for a complaint, factual allegations must support all claims. *See id.* Based on these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. *See id.* at 678-79. Legal conclusions couched as factual allegations are not sufficient, nor are unwarranted inferences, unreasonable conclusions, or arguments. *See Twombly*, 550 U.S. at 555.

Rule 8 of the Federal Rules of Civil Procedure provides parallel pleading requirements that also must be satisfied. Under this rule, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *See id.* at 678-79. Mere naked assertions are also inadequate. *See id.*

## DISCUSSION

Time and time again, the Supreme Court has reiterated that "[s]peech by citizens on public concerns lies at the heart of the First Amendment, which 'was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people.'" *Lane v. Franks*, 573 U.S. 228, 235-35 (2014) (quoting *Roth v. United States*, 354 U.S. 476, 484 (1957)). And "[t]his remains true when speech concerns information related to or learned through public employment." *Id.* For it is well established that the acceptance of public employment does not require the employee to relinquish their constitutional rights, especially those afforded under the First Amendment. *Id.*

But a public employee's right to share information is not absolute. Instead, the Supreme Court has "acknowledged the government's countervailing interest in controlling the operation of its workplaces" because "[g]overnment employers, like private employers, need a significant degree of control over their employees' words and actions; without it, there would be little chance for the efficient provision of public services." *Lane,* 573 U.S. at 235-35. Consequently, "[t]he problem in any case is to arrive at a balance between the interests of the teacher, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois*, 391 U.S. 563, 568 (1968).

4

First Amendment claims such as this are governed by a four-step analysis. *Moss v. City of Pembroke Pines*, 782 F.3d 613, 617 (11th Cir. 2015) (citing *Carter v. City of Melbourne, Fla.*, 731 F.3d 1161, 1168 (11th Cir. 2013)). First, the Court considers "whether Plaintiff's speech was made as a citizen and whether it implicated 'a matter of public concern.'" *Id.* at 618 (citing *Rankin v. McPherson*, 483 U.S. 378, 384 (1987)). Second, the Court weighs the "Plaintiff's First Amendment interest against the City's interest in regulating his speech to promote 'the efficiency of the public services it performs through its employees.'" *Id.* (quoting *Pickering*, 391 U.S. at 568). The first two steps are "questions of law that are decided by the Court." *Id.* Third, "if the public employee prevails on the balancing test, the fact-finder determines whether the employee's speech played a substantial part in the government's decision to demote or discharge the employee." *Carter v. City of Melborne, Fla.*, 731 F.3d 1161, 1168 (11th Cir. 2013) (internal citations omitted). Fourth, if the employee prevails, "the state must prove by a preponderance of the evidence that it would have reached the same decision even in the absence of the protected conduct." *Id.*

The City disputes whether Chustz spoke "as a citizen" when he made the reports and disclosures identified in the Amended Complaint. Thus, the first prong set forth above is at issue and the Court must determine whether Chustz has plausibly alleged that he spoke as a private citizen or as a public employee within the scope of his duties. The City argues that because the Amended Complaint does not set forth exactly what Plaintiff's ordinary job responsibilities were, there is no way to plausibly infer that his speech was not within the scope of his employee duties. (Doc. 15, p. 2).

Determining whether an employee spoke as a citizen turns on whether the speech "owes its existence to a public employee's professional responsibilities." *Garcetti v. Ceballos*, 547 U.S. 410, 421-22 (2006). The phrase "must be read narrowly to encompass speech that an employee made in accordance with or in furtherance of the ordinary responsibilities of her employment, not merely speech that concerns the ordinary responsibilities of her employment." *Alves v. Bd. of Regents of the Univ. Sys. of Ga.*, 804 F.3d 1149, 1162 (11th Cir. 2015). "The critical question … is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Id.* Factors such as "the employee's job description, whether the speech occurred at the workplace, and whether the speech concerned the subject matter of the employee's job" may all be considered. *Id.* at 1161. However, these factors are not dispositive. *Id.* An employee's job duties are interpreted practically because courts recognize that "[f]ormal job descriptions often bear little resemblance to the duties an employee actually is expected to perform." *Garcetti*, 547 U.S. at 424-25.

With this standard in mind, Defendant's argument that the Amended Complaint must contain a full recitation of an employee's job description fails. "It is not appropriate at the motion to dismiss stage for [a court] to interpret" an employee's job description. *Carollo v. Boria*, 833 F.3d 1322, 1330 (11th Cir. 2016). Even if Chustz had alleged a full explanation of his job description and duties within the Amended Complaint, "[f]ormal job descriptions often bear little resemblance to the duties an employee actually is expected to perform." *Garcetti*, 547 U.S. at 424-25. And as the Eleventh Circuit has noted in a similar case, "[d]iscovery will illuminate exactly which laws [an employee] had the responsibility to enforce or administer and, in fact, enforced or administered in the

ordinary course of his job responsibilities." *Carollo*, 833 F.3d at 1330. Notably, the City cites no case law to support its contention that an exact explanation of job duties is required to successfully plead a First Amendment retaliation claim.

Since the record has not yet been developed and Chustz's *actual* job responsibilities have not been defined, the Court cannot make the necessary determination of whether the speech was made "in accordance with or in furtherance of the ordinary responsibilities of the Plaintiff's employment." *Alves* 804 F.3d at 1162. The Court cannot weigh any of the practical factors from *Garcetti,* including whether the speech occurred at the work place and whether the speech concerned the subject matter of Chustz's job, because the exact speech is unknown at this point. *See Vila v. Padron*, 484 F.3d 1334, 1340 (11th Cir. 2007) ("To determine whether [a] statement receives First Amendment protection …we look to the 'content, form, and context of a given statement, as revealed by the whole record.'" (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983))). Here, Chustz has adequately pled that his speech was made as a private citizen, it was not within his ordinary job duties, and it was a matter of public concern. (Doc. 11, ¶¶ 24, 26). This is enough.

Defendant alternatively argues that Chustz lacks standing to obtain injunctive relief because he fails to allege any threat of future injury. While is it true that "[a] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to merely conjectural or hypothetical – threat of future injury" *JW v. Birmingham Bd. of Educ.*, 904 F.3d 1248, 1264 (11th Cir. 2018) (per curiam), Chustz alleges ongoing harm in the form of the City's continuous false statements about

him in the public domain regarding the circumstances of his termination. (Doc. 11, ¶ 31). For that reason, the Motion to Dismiss on this basis is denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss the Amended Complaint (Doc. 15) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of January, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record